Houston & Texas Central Railroad Company v. T. N. Anderson.

Decided November 16, 1910.

**1.—Master and Servant—Violation of Rule by Master—Negligence.**

In an action by a brakeman against a railroad company for damages for personal injuries caused by moving without warning a freight train on which plaintiff was engaged in the performance of his duties, evidence considered and held to show that the moving of the train without warning was in violation of a rule promulgated by the defendant, and upon the observance of which the

plaintiff had a right to and did rely, and that in so doing the defendant was guilty of negligence.

### 2.—Personal Injuries—Verdict Not Excessive.

For injuries, probably permanent, to both ankles and his back, a verdict for $5262 held not excessive in the case of a brakeman 37 years of age and earning $95 per month.

Appeal from the District Court of Harris County. Tried below before Hon. W. P. Hamblen.

*Baker, Botts, Parker & Garwood* and *Lane, Wolters & Storey,* for appellant.

*Love & Channell,* for appellee.

FLY, ASSOCIATE JUSTICE.—This is a suit for damages arising from personal injuries alleged to have been received by appellee through the negligence of appellant. A trial by jury resulted in a verdict and judgment in favor of appellee for $5262.

The evidence showed that appellee was a brakeman in the service of appellant, and that on March 23, 1907, while he was engaged in the performance of his duties on the top of a car, he was knocked off and seriously injured in both ankles and his back by the negligence of the servants of appellant in moving the car without giving any signal or warning of the intention to move it.

The failure to give the warning was in violation of a rule promulgated by appellant, and upon a compliance with which appellee was relying and was thus thrown off his guard. Appellee was ordered by his foreman to get on the top of a certain car that was moving with others and set the brake after it and the other cars stopped, and then, while appellee was about to climb down from his car, without warning the cars were placed in motion again by the locomotive with such violence that appellee was thrown off and injured.

Appellee was 37 years of age and was earning about $95 a month. He was confined to the hospital for about four months, and eighteen months after the accident was still suffering with one ankle which unfitted him for such labor as he was trained to perform. The injuries are probably permanent.

We find that the injuries were caused by the negligence of appellant, and that the verdict is not excessive. Our conclusions of fact dispose of the two assignments of error, one of which questions the sufficiency of the evidence to show negligence, and the other complains of excess in the verdict. The judgment is affirmed.

*Affirmed.*

Application for writ of error dismissed for want of jurisdiction.